Joseph A. Gavagan, J.
This application for the relief sought as to the designation by the court of a person qualified as required by the lease to appraise the building in question in accordance with the terms of the léase, is determined as premature unless the conditions hereinafter required of petitioner are met and the parties fail to follow the direction of the court as hereinafter stated.
The case of Sheridan Associates v. Potasnik (155 N. Y. S. 2d 81) considers a lease similar to the one in question. As stated therein (p. 87): “ Although the conduct of persons similarly situated is not necessarily decisive of the interpretation of the provisions of the lease here involved, it is entitled to some *615 weight, when substantially similar provisions are involved, and the interpretation to be made is with reference to the understanding of reasonable persons similarly situated.”
This court will follow the opinion stated in that case that the phrase “at the expiration of the term” is not intended to embrace the period of time immediately following April 30,1962; contrariwise, it has reference to a reasonable period immediately antedating the expiration of the term.
But the petitioner herein also has commenced an independent action in ejectment to oust the respondent from the premises in question for breach of the terms of the lease, and, if successful therein, would not be required to renew the lease, or in lieu thereof to pay respondent the value of the building as appraised according to the lease. Under such circumstances the respondent would be put to unnecessary expenses in retaining an appraiser at this time, if it would be of no avail because of petitioner’s success in its ejectment action (Civ. Prae. Act, § 1340, subd. 3). However, petitioner is willing to undertake the full costs of the appraisers in this proceeding provided it is successful in the ejectment action. Under such condition, such objection of respondent would be removed.
Further, the petitioner requests that the sum of said appraisal be deposited by petitioner with the court, the disposition to await the termination of the ejectment action now pending. The court cannot change the terms of the lease which provides 1 ‘ Always, that the said party of the second part, * * * shall not be compelled to surrender the premises until such payment be made or tendered.” Consequently, if the ejectment action is not concluded by the time of the expiration of the lease, the respondent will not be required to move until the payment is made or tendered.
Accordingly, and subject to the conditions heretofore stated, the court finds that the provisions of the lease here involved require an appraisal of the value at private sale of the structure on the demised premises as of May 1, 1962, without reference to the ground on which it stands. Towards that end the court finds that the provisions of the lease require the petitioner and respondent, respectively, to appoint a disinterested person with the qualifications stated in the lease, and directs the said parties to comply therewith on or before February 21, 1962. Said persons so appointed shall proceed under oath promptly with the appraisal and continue therewith until its completion. In the event either party fails to appoint as directed, or if either appointee fails to qualify, or act, on or before February 21, 1962 for any cause, then the court designates Irving Aaron, Esq., 280 *616 Madison Avenue, as umpire to decide under oath said value. In the event the appointees of the parties fail to agree on such value on or before March 21, 1962, then the appointees shall choose an umpire on or before March 31, 1962, to decide under oath said value. If the said appointees shall fail to agree on such value and fail to choose an umpire on or before March 31, 1962, then the court designates Irving Aaron, Esq., 280 Madison Avenue, as umpire to decide under oath the said value. The petition is therefore granted to the extent stated and on the conditions stated.